case number two three five three three zero Donald Johnson versus Lara Palpit argument not to exceed 30 minutes per side mr. Burke you may proceed for the appellant good afternoon Dennis Burke and Jamie Drake on behalf of Donald Johnson and I'm going to focus today on the first argument in the brief which is the the Boykin argument on the knowing intelligent waiver however in midst of that I'd also like to discuss the the 2254 d1 the application of as far as d1 that the limitation of the court considering the reasons provided by the denying mr. Johnson's claim versus the the warden's argument which is to say that this court can consider both the reasons provided by the state court and the whatever other reasons that may that may be reasonable for the court denying the claim and I think I'll start there before I get into actually into the Boykin argument itself so the warden's argument is that under a decision in Holland v. Rivard from the six from this court in 2015 interpreting Harrington v. Richter understood the law to be that that now after Harrington v. Richter the this court under 2254 d1 considers both the reasons provided in the explanation by the state court and whatever other reasons and in relying upon that it's important to consider so in Harrington v. Richter what the court was was talking about when when they said that it would get that the the court considers a decision versus the reasoning is because it was a question of whether or not there should be de novo review of a silent ruling by the state court and the and the Supreme Court of course said no it's the entire thing is the decision and so if there is a reason provided then the court should consider it under under that under those circumstances if not then consider what could be reasons that make the the judgment reasonable now because I think White v. Plattford sort of suggests otherwise so what do we do about that case well I'd see I said it's interesting that you mentioned white your honor because in white the the explanation is what would what the what the court did is it paraphrased what the US Supreme Court said in Harrington v. Richter and what the what the court said in Richter is and I'm gonna just quote it here under 2254 D2 or D a habeas court must determine what argument or theories supported or as here could have supported the state court's decision as here meaning a silent decision what happened in white is that this the Sixth Circuit the court rather than saying or they paraphrased it so that it became a habeas court must determine what arguments or theories supported and could have supported the state court's decision what can we do about that I mean it seems like you're saying that white may have gotten Harrington wrong but but what can we do about that okay so as far as that goes first of all the reliance on the reliance on Harrington v Richter has since been contradicted that the that the warden cites to by Wilson v Sellers okay and that's explicitly so the court this the US Supreme Court explained exactly what it meant that it did not mean that that it would that it would be for both circumstances and we know that because they actually say it explicitly and I think that also applies to but white post states Wilson right sure but of course let's remember that why wouldn't we still be so Wilson is Wilson a basis for us to disregard white no but but Harrington v Richter is a basis for disregarding white because what the we have a duty to follow precedents good-faith interpretation of a Supreme Court precedent right so what no why aren't your arguments for the en banc court but we're not talking about interpretation we're talking a literal a literal reading of the of the Supreme Court I mean this court that the United States Supreme Court is the highest court in land obviously and so what this court does is it reads what the Supreme Court said about it and what the Supreme Court said explicitly and and and confirmed it in in Wilson v Sellers was that it's one or the other not both not and and versus or and words matter so the fact that white took this this case that we know definitively is wrong just by reading Harrington v Richter I mean if it there's a difference between our precedent just missing a Supreme Court precedent in which case I think you might be on to something that we can disregard our precedent because it just missed a controlling case of the Supreme Court but that's not what white did about Harrington but I think what so the key from the including from the Supreme from the from the Sixth Circuit rule is that where the decision is contradicted by the US Supreme Court just a US Supreme Court decision which it absolutely is so for this court to ignore Supreme Court precedent that it knows is correct in favor of its own decision that it knows is wrong which I mean how in the world would that be providing due process to this client or obeying the mandate of following Supreme Court precedent I mean are we honestly going to deliberately get the Supreme Court precedent wrong because the Sixth Circuit decision was itself wrong that can't be that can't be so I think what this court is required to do is follow Supreme Court precedent and doing so would limit its its its evaluation under 24 d2 I mean d1 to the guilty plea colloquy which is what the Kentucky Supreme Court depended on not has the Supreme Court actually addressed this issue so Harrington I think the facts of that case you are correct was just a conclusory opinion it just said affirm or deny without any reasoning Wilson I thought was about the pass-through doctrine I might be mistaken about Wilson that's right as the has the has the Supreme Court ever considered what to do in the scenario where there's really good reasons they're just not articulated by the state court and the state court may have these other reasons which might be debatable I don't know that the Supreme Court has a precedent like that does it well we know what the court is supposed to do and under those circumstances then it then it once it determines that the that it's contrary to an unreasonable application of clearly established federal law which which it is I was just I was just asking the question factually has the court confronted and and the answer that would be and I understand that it's looking at the at the look-through but the but the quotation and Richter addresses it exactly to what the with the yeah but the but Richter didn't really have it in front of I'm sorry Wilson v Sellers addresses it exactly exactly where it says had we intended Richter's could have supported framework which is what we're we're talking about here to apply even where there is a reason decision by our layer state court our opinion and primo would have looked very different we did not even cite the reviewing state court summary affirmance and said we quote focused exclusively on the actual reasons given by the lower state court and we deferred to those reasons I'm that's your answer right there that this court is required to follow Supreme Court precedent is required to follow Wilson v Sellers not Harrington or in this case most recently white which misquoted or mischaracterized the ruling so we know that the state court I'm sorry that this court's review under EDPA has to be limited to the the transcript of the guilty plea or the boy can we know that and I want to quote that it's a grave and solemn act accepted only with care and discernment so this is not just some you know like arbitrary right that we're talking about it's it's in fact it's more than it's it's more important than a confession they the court stressed that in Boykin that it is a conviction and that's why it's so important for this court to focus and make sure that it's that it's accepted only with or courts only with care and discernment it must be voluntary and intelligent well you would I just want to do you do you concede that it's not clearly established that you did that rule 11 in effect is not a constitutional mandate although all the specific questions within federal rule of criminal procedure 11 are not required so you don't need a specific question do you waive the right okay well I mean it's not it's so much a concession we know that rule 11 doesn't apply here because it was yeah my only point was do you do you agree that it's not clearly established that you don't need a specific question covering the right against self-incrimination and the right to a jury trial no but how could you possibly say that that's clearly established when you don't even have circuit precedent well I'll tell you why I'll tell you why so when we read Boykin we know that the court says there cannot be a presumption of a waiver from a silent record of waiver of a constitutional right from a silent record so in this circumstances where we have neither the state court the trial judge asking Don Johnson whether he's aware that he had the protection of the right against self-incrimination that he would be waiving and secondly we do not have Don Johnson affirmatively in any way waiving that constitutional right and considering that we cannot make a an infrared or I'm sorry presume the waiver of that right from a silent record then we know that he that is not a valid waiver under the you know within that plea colloquy now you don't mind just for my edification can you articulate what the clearly established federal law as determined by the Supreme Court is as it relates to the guilty plea here sure so the clearly established federal law would be that that it needs to be knowing an intelligent knowing intelligent waiver of the constitutional rights in particular for for Boykin it has to be the right to a trial by by jury the right to confront accusers and the the right to or the protection against self-incrimination look at the cases that come after Brady I think Henderson those don't break it out it's saying those three constitutional rights they focus on as you mentioned the knowing and intelligent waiver right right certain rights sure and that right and that's still where we are I mean there's nothing in the there's nothing here in the record whether at the plea colloquy or in the in the records that are cited by the by the warden that would suggest that that Don Johnson Don Johnson affirmatively waived his rights now to be clear and no way can we suggest that if the if the if the US Supreme Court and Boykin stresses that there cannot be a silent waiver that doesn't magically disappear if we review the entire record so when reviewing the record and looking at what the what the warden pointed to there's still and this again would be de novo review not under 2254 d1 there still is not a and if an affirmative waiver of the of his constitutional right not to incriminate himself would you agree that he knew he had a right to a jury trial since he was fighting tooth and nail to avoid the right to a jury sentencing that would suggest to me that he recognized that he has a right to a jury trial because he's filing motions seeking a well okay so the key part of that was was that he was well first of all the fact that he thought that the council filed it doesn't mean that he knew about it yeah but there's also record evidence that suggested that he was really engaged with counsel and was reading pleadings well yep and we knew that said that was sometime after that because remember it when all they went to the Kentucky Supreme Court and the country that came back and they said for some time he's been aware of it but even if he was listen that's let's say he was aware of that number one that has nothing to do no bearing whatsoever on the on his the waiver of his protection against self number two the that discussion regarding the the right trial was about the was about the sentencing or the jump sorry not the right trial but the jury trial was about sentencing not about the the guilt instance part so at most there could be some sort of an inference and again not an affirmative waiver by any means but an inference that he was aware that he had the right to to jury sentencing not that he was not that he had the right or that he was waiving his right to trial at the for the guilt innocence phase but even to the extent where that you know could be questioned again that has no bearing whatsoever on his on his protection against self-incrimination there and nor do any of the documents that the that the Commonwealth sites do at most what they there was one where he tested with a turn he got up and said oh he's not going to testify and there are lots of reasons why that is not a not an affirmative waiver number one of course it was the it was done by his counsel number two we know that that in 1970 the court says it says it's you know it's we're past the point of where we allow a counsel to weigh the defendants rights number three one of the things to keep in mind this was in 1992 that those happen he's he pled guilty in 1994 and during that entire time there was a his his competency was at issue in fact he acted he was actually had to be hospitalized and medicated before a defense expert could evaluate him for competency so the idea that we're going to say that we have established that he is affirmatively waive those rights back in 1992 when a it's not affirmative B we don't even know that he's competent and C it doesn't it doesn't involve that right at all specifically they're absolutely not is there any is there proof that he firmly waived his right to to against self-incrimination and under those circumstances this plea is not valid ask you just a procedural question it's not clear to me so the parties have litigated this as a legal case a d1 case and not a unreasonable finding a fact case is that is that because boy does boy can establish an objective standard for whether something is knowing involuntary and it's not when I think of knowing involuntary I think of that strikes me as a historical fact question what did the criminal defendant know so it strikes me as perhaps it would triggered a d2 analysis but it seems like courts in this context have almost treated whether something is knowing involuntary as a legal question and that's why that's why we're looking at it did they unreasonably apply clearly established law and that I guess intuitively didn't make a lot of sense to me but I'm curious if that is just like well established that it's like an objective test and I really can't answer that question for you although I can I mean it can certainly it could be both it could be brought under and it wasn't of course under d2 it could be it could be arguably a d2 if the state court made findings you know but I think what we're looking at here remember for for EDPA it is the it's it's the the ruling of the Kentucky Supreme Court the last reason decision and and in the last reason decisions the Kentucky State Court addressed it as a you know from a legal perspective and said based on the totality of circumstances and then and I think that's why it was raised under under under d1 as opposed to d2 but it certainly could have been both is that because it seems to me we want to avoid the situation where a defendant says on the record yes I recognize that I have a right to self-incrimination that I am waiving and then and then after the fact impeach that record statement by saying oh I I answered yes to that but I wasn't paying attention or something and that strikes me as perhaps why it's an objective legal question as we want to avoid that second guessing of what the defendant says under oath and so maybe that suggests it should be d1 well I'm not sure I mean potentially but and of course we have the you know the Supreme Court has you know has protected against that where they were they talked about a guilty plea colloquy is a solemn declaration in open court so you know that's there the problem here is for purposes of this of this this plea colloquy is that there were no solemn declarations for the the key rights that we're talking about so that so that the guilty plea was simply you know woefully inadequate to ensure but so it's it seems to be clearly established the other way that you don't need to have a specific question so that it's not unconstitutional if the surrounding circumstances suggest a knowing waiver that a trial court did not ask specifically you recognize don't you that you have a right against self-incrimination so that's not would you concede that no because again but then again there but there's but so I thought we have a fair amount of circuit precedent that suggests it's not required okay let's imagine for a minute that that's not required within the within the guilty plea right the colloquy regardless of that it still would be quite required within the record itself it's not as if it that that right not to have a not to have a silent waiver of a constitutional right disappears floats away magically disappears because because now we're outside of the plea colloquy so regardless of whether it's during the plea colloquy or after the plea colloquy within the record there cannot be the this silent waiver so there has to be some affirmative assurance that it's a knowing and intelligent way which there simply is not there's not at any of the documents that were that were brought to the attention of the you know by the warden and most certainly not in the in the plea colloquy so your your view is that it's a silent record unless there's a specific waiver well my right my my view is that unless there is a an affirmative waiver of the right that is not it's ie not silent then the then the plea is not valid that it is not a knowing intelligent I'm trying to figure out what in your view is a silent record oh a silent record would be where there's a lack of an affirmative so my question was so your view is that the record is silent it's a silent record unless there is a specific affirmative waiver a specific affirmative waiver that now there there are circumstances perhaps where is where the if the if a trial counsel testified that you know after the fact that there was a there was a hearing or for that matter within the guilty plea colloquy said I advised him of his right to you know I advised him that he was free from self incrimination coercive incrimination and he expressed to me that he understood that he told me that he understood well then that would probably qualify that would qualify as a as an affirmative waiver under those circumstances but we don't have that here we don't have that anything close to that here we have at most a trial attorney asserting the right to not to testify without any suggestion that the that that mr. Johnson a had given him permission to sit to sit to state that or be that he understood that by doing so somehow that he understood that he was also waiving the right to be to be free from self-incrimination you so by affirmative waiver so the court has clearly said you can have implied waivers so why wouldn't it be enough if the record just showed that he knew of the right at the time of the plea well first of all it would have to be that he knew of the right and that he wanted to waive it well why couldn't we just like assume that he wanted to waive it by pleading guilty no so if he knew if he has a jury trial right and that would be a negative that would be I mean that would be textbook so you think that if the if the record suggested counsel testified yes I clearly told him he had a jury trial right and he clearly comprehended that and and and then he pleads guilty you don't think that that would be enough to establish no no I didn't say can you repeat that no I think the opposite I'm saying that if the trial counsel said that I informed him of that right and and say that that's all he testified to so so counsel said I know because we still don't know that that I mean keep in mind it's not what it's not what what trial counsel knows it's what it's what I said is counsel testifies that I told him that he has a right to a jury trial okay said I recognize I have that right and that's all there is in the record why can't we assume a knowing involuntary waiver by the fact that he is pleading guilty because you're because you're assuming something from a from a silent record there's no there's nothing in that record that the that the understands that he's waiving that right nothing well it just strikes me as intuitive with the fact that you are pleading guilty but we know that's not true I know that you think that a defendant could actually your honor he is pleading guilty but he's gonna have a jury trial later but we're not talking we're talking about the in this my hypothetical my hypothetical counsel tells him yeah you have a right to a jury trial and and then he's like no but I want to plead guilty to the court it just seems well sure under right okay so to be clear if he was up there in that case he would be up saying I'm waiving my right to a to a jury trial if they expressly way that's the only point I'm trying to get at he doesn't there's no question do you waive your right to a jury trial yes there's no question there there's just evidence that he knows of the right and then there is his conduct it's not enough because because for all we know that defense counsel or the defendant rather doesn't even know he's entitled to a jury trial that we don't that it would be this hypothetical that it's a bench trial so the fact that he that he and you think Boykin clearly establishes this well I talked about what Boykin clearly establishes is that is that the defendant has to know of those three rights and and actually affirmatively intelligently waive those three rights that's what that's what we know so in this particular case we know that didn't happen for two of those rights at all in the in the guilty plea colloquy and for sure one of those rights which is the freedom front free from self-incrimination did not happen in the anywhere in the record okay if I may put F aside for just a second don't you still have to show that there wasn't harmless error Brecht sort of harmless error no as it relates to the guilty plea no your honor okay and I'm glad you mentioned that because that because the the warden has said that that Brecht error is harmless and it's not and we know it's not for a couple of one in Brady the Supreme Court citing to Brecht talked talked about that a plea that once it that if it's not a valid I'm sorry that if it's not a no no intelligent plea then the plea is not valid if it's not valid that it's not a conviction so therefore we know just from that that there's not that there's not harmless error but then just in case we were wondering for sure the US Supreme Court touched on that in a rule 11 case in Dominguez Benitez versus United States I think that was like in 2004 or 2006 where it was a rule 11 and in footnote 10 of that the Supreme Court said that even if there was overwhelming evidence that that's what the that's what the defendant that he wanted to plead guilty if it was an invalid guilty plea under under Boykin then it does not cure the error so it is not is not harmless error and also one last thing in the case that the that the warden relies upon green a great deal green the Georgia case they actually acknowledge in that case as well that it not that under there is no harmless error analysis under under Boykin okay thank you counsel you'll have your full rebuttal well he'll hear from the warden good afternoon your honors and may it please the court counsel my name is Henry and I represent the warden Laura Plappert in this case on November 29th 1989 61 year old Helen Madden was beaten stabbed mutilated and tortured to death in the supply storage room of the laundromat where she worked her body was so disfigured that a co-worker of 13 years was unable to identify her she had also been sexually assaulted as a result of these crimes Don Johnson entered a unconditional guilty plea in Floyd circuit court to murder first degree robbery first-degree burglary and two counts of first-degree sexual abuse after a multi-day evidentiary hearing the trial court sentenced Johnson to die for his crimes can you sort of pick up with the last question I asked about the harmless error as it relates to the guilty plea of course do you agree with opposing counts that if essentially the questions weren't asked about self incrimination and the right to a jury trial that there's no way it can be harmless there I I do disagree with my opposing counsel your honor and I kind of have a two-pronged answer the first is to say my friend on the other side pointed to that green case from Georgia I you know I read that case differently I read green as saying and there's a there's a block quote in my brief were taken from that green decision that post McCarthy that the court has shifted to a harmless error situation under Rule 11 and the second thing I would emphasize your honor is the Brown versus Davenport decision from the United States Supreme Court and it talks about harmless error and I absolutely would I disagree with my friend on the other side that a harmless error analysis would apply in the event that the court does find error I would what do you think would you concede that it's clearly established even if you don't need a specific question and a specific waiver for self incrimination and jury trial that at least the record has to objectively show that Johnson knew of the rights and waive them I'm I'm not sure that that is clearly established your honor I do I would submit that it's clearly established United States Supreme Court precedent that the that the plea must be knowing involuntary and intelligent surely and I would I also believe it's clearly established that that has to be evident from the record but I think that that's all I don't think that you can take that next step and say okay we also have to affirmatively show that these were you know that these that the defendant was informed of these three specific rights especially what do you what does it mean when you so you've conceded that it has to be evident from the record that it was a knowing involuntary plea yes and but you don't think that that in order to be knowing involuntary the defendant has to have known of the right to a jury trial I don't think that that's evident in light of the post McCarthy cases dealing with rule 11 and the reason I say that is you know you have you have Boykin and Brady and these cases that talk about the the standard of a knowing involuntary waiver and then you know I see the adoption of rule 11 is a very specific I mean as a very significant event in our jurisprudence to the extent that you know in light of in light of the rule I don't think it's to the extent that the you know I in light of that rule I don't think that you do have to show you know point by point every single right every single you know minute consequence of well that's true but and I agree with you that rule 11 has largely mooted the issue in federal court because a lot of the specific questions in rule 11 may or may not be constitutionally required but Boykin seemed to highlight the rights that are at issue in this case or Brady one or the other that it had to that you had to affirmatively show the defendants knowledge of the right against self-incrimination and jury trial so that that may or may not mean you have a constitutional right to know of some of the other subsidiary things in rule 11 like the right to appeal or whatever but didn't Boykin and Brady at least highlight the ones that are at issue in this case so to be clear yes your honor those those cases did talk about the three rights at issue in this case I think it's to some degree we're engaging in a matter of semantics in that you know I'm not sure I do think it's clearly established again the overarching standard referenced with respect to the voluntariness of the plea and so forth you know and I further acknowledge that those cases talk about those three rights I am I'm just not sure in light of subsequent precedent that that is you know that you can say okay you have to affirmatively show on the record these three things in order to satisfy Boykin knowing an intelligent waiver if the defendant didn't know that there was a right to a jury trial or right to you know not self-incriminate yourself how can there be a knowing an intelligent waiver without the defendant knowing that put aside whether there were questions about that but knowing it at that time so I take your point your honor especially in light of Boykin that you know the that case discusses those rights I wouldn't further emphasize that I really I don't think that's an issue here in that I think the record does demonstrate that he was aware of all three of his rights here I think well what do you do I mean that's that's is that is this is this the key point in the case whether the record objectively shows this because there may be good evidence of the that of the knowledge of the right to jury sentencing but your friend on the other side suggested that that wouldn't include the right to a jury trial so what's what's the best objective reading of the record that suggests he knew the right to a jury trial and the right to self incrimination so I would point the court specifically to the hearing on May 16th 1996 and I believe your honor made an allusion to this already and you're questioning to my friend on the other side which is that you know he indicated that he reviewed these pleadings that and you know from I'll just I'll just read it here before Don entered his plea Don had reviewed the law that we had Don had taken quite an interest in the legal proceedings in the last couple of years and he read what we read the wording of the rule 9.8 for the history in Kentucky of jury versus non-jury and death penalty cases I think that that's you know especially for EDPA purposes I think that that's sufficient to demonstrate that he was aware of that right and as for the right to self incrimination I would specifically point to the you know Johnson's attorney stating and on an open court that his client did not intend to testify now admittedly you know I acknowledge that doesn't quite demonstrate that he you know that there was an express waiver and so forth but I I don't think that you need that especially under EDPA but that's that even show that the and I understand his counsel said that but is that enough to show that mr. Johnson knew about that about the right well I think that the the right against self incrimination is a personal right and I think that you know I think he would have to talk about that with his client I don't think that the record shows that he talked about that with his client but I think that is an ethical matter I think you know I think you'd almost have to presume that he acted unethically in order to say okay he was not informed of his his right against self incrimination I would like to make a point about Wilson versus Sellers briefly and so your honors brought up Karu white versus Laura Plappert I would reemphasize that case I do think that that that that is an operative decision with respect to versus Richter and Wilson versus Sellers that opinion cites Wilson versus Sellers so to to judge Murphy's point that is you know regardless of whether that's right or wrong that's circuit you know that's a published decision talking about that rule of law so I would say I would respectfully request the court to follow that decision for that reason are there additional questions can I ask you the same question I had earlier which is the relationship between d1 and d2 and I'm just curious because when I think of whether something is knowing involuntarily I think of that as a traditional fact question and so maybe there may be what the Supreme Court is getting at in its case law is that there's two ways to establish the knowing involuntary waiver one is objective and one is subjective so if if say the say the record like both sides agree that the record did not show that he knowingly waived the right to self-incrimination but say that in collateral proceedings he testified oh yeah I knew about that right and then and then that would that would be enough to subjectively prove even if that colloquy fell short and that would be one approach but maybe the what the Supreme Court is getting at in these cases about on the record is that we can't have collateral attacks if if the defendant actually says or if the record leaves no doubt that the defendant has said that you know I am waiving the right to self-incrimination or if there's some other indicia that's quite clear that he is and that is more of an objective test does the record show and so that is that your understanding perhaps of the relationship between what I would view as the d1 legal question and the detail actual question and here the Kentucky Supreme Court was doing the first so it wasn't making a factual finding about whether he'd knowingly waived like subjectively knew of the right and waived but an objective legal conclusion that the record left no doubt that he would have so he can't collaterally attack it so I think that that's an excellent question your honor and I would ask you know let me know if I don't answer it because I want to make sure I answer all parts of your question so kind of a 50,000 foot view I think that the United States Supreme Court precedent indicates that for essentially every legal question you could attack it under either d1 or d2 I think that's largely in the you know the control it largely seems to kind of bubble up based on what how the petitioner frames it based you know with respect to you know a petitioner might allege okay here the this was an unreasonable factual determination and so because there is this problem with the record and so we're going to attack this under d2 versus like here you know the defendant completely missed I mean the state court completely misapplied federal law so we attack this under d1 so I think that you could look at this either way with respect to and I do agree I think that the Kentucky Supreme Court looked at this seem to treat this as a legal determination as opposed to a factual determination based on the analysis I would note that do you think that so that legal question that's what I'm curious about do you think that what the Supreme Court has held is that defendants simply can't collaterally attack a guilty plea if if they say there was a specific question and it was do you waive the right to self-incrimination yes I'm waiving that right and that's like clear on the transcript or whatever and then and then and collateral proceedings the defendant is like oh I just misunderstood the question or what I didn't understand so you wouldn't if the if the record affirmatively showed that question and answer the defendant wouldn't have a right to try to collaterally attack is that that might be what the court is getting at with the objective and that and that maybe the state has two bites at the apple in some sense that you could show either objectively or if the record falls short you could hold it evidentiary hearing and say no but he actually knew through deposing the defendant I think that is exactly my understanding is your honor I will but but you can't rely on that second part here because that the Kentucky Supreme Court seemed to be relying on the first part of the test that that the record left no doubt that he knew these rights so there wasn't obvious of course there wasn't an evidentiary hearing but the documents that I cited in the brief were all in the record at the time that the state high court rendered its decision and so I do think the court can look at those documents under Cullen versus Finholster I would say one other thing I wanted to know that I think is pertinent to your question judge Murphy is that and I unfortunately don't have a site off the top of my head but there is a US Supreme Court case that was rendered maybe two years ago where the you at where the court says that post you can't attack post you know post hoc assertions in a guilty plea are not favored I think that what you you know that you can't just say you can't just come back and say there has to be evidence in the record at the time of the plea in order to support a an attack on a guilty plea so I think that supports what you're talking about are there additional questions thank you thank you since I would just say just really quick since I'm since I have plenty of time left with respect to pits instead those are both direct appeal opinions so and obviously this is Edpa I would also mention that Thomas versus Burt is an unpublished case under Edpa that is not in the Boykin context but that is in the guilty plea the knowing involuntary waiver a guilt in the guilty plea context that I believe is relevant with respect to my friend on the other side's claim and I would also mention the recent on bond decision from this court Davis versus Jenkins because that involves a guilty plea with respect to a three judge a specific three judge panel so that was not in the Boykin context either but that was a guilty plea and involved a knowing and voluntary waiver based on the record so there are no further questions thank you so I didn't hear anything from the warden that would change anything regarding this being a not being an intelligent guilty plea but there are a few things that I do want to touch on first judge when you're talking about the you know whether or not there would be a no right to challenge the guilty plea if you know if he if the defendant was to was to affirmatively say or testify under oath that he knew of the rights that he was waiving I don't know that it would that would eliminate the right to do I mean there could be certainly be collateral you know the circumstances where it could be brought for example if it turns out that you know the defendant wasn't you know was incompetent to plead guilty at that time that had never been evaluated or established and then the court might have to explore that but certainly isn't that the reason though why the court and Boykin and Brady in these cases suggested it should be on the record is oh for sure for sure I know it would be disfavored absolutely but I'm just I'm just saying there could be some circumstances where you know just because someone much like you know the are you satisfied with your attorneys representation and a guilty plea doesn't mean that then there can't be a challenge collaterally to the representation of count is it almost that's kind of what I'm trying to get out between this fact versus legal I suppose like in a scenario where you have an objective record and you look at it and you say oh that conveys that he he knew of these rights then we don't need to have an evidentiary hearing to determine whether he knew unless there's some smoking gun evidence that he did it and that seemed to be what the Kentucky Supreme Court was saying here that the record just shows reveals that he knew of these rights when you put guilty well I you may you may dispute that but that's why it's a legal question right I mean they said so but I think the problem was is that they didn't exact they didn't they didn't consider the record in the appropriate manner what they did was contrary to and an unreasonable application boycott what they did but as far as the record goes you know so we talked about how it can go beyond it can be you know remanded back to examine the the record now of course the Commonwealth has pointed to the record but there was not an evidentiary hearing despite the fact that mr. Johnson requested a hearing at habeas and of course there are three justices of the Kentucky Supreme Court who very easily found that it wasn't a valid plea and we did get a hearing for on another issue so there certainly there was an opportunity for the Commonwealth to have a hearing if they wanted to but a remand now would would serve no purpose because mr. Johnson pled guilty in 1994 which is to say more than 30 years ago and we know that the Supreme Court in paper runs in on a regarding a a competency claim found that six years was too long because of because of because of faded memories so in this case we're talking five times that so the idea that somehow that could be accomplished now is in particular when you when you keep in mind that what the goal here is to make sure that the the guilty plea was was sound because of all of the you know the risk involved so lastly I touched on it a little bit but I think it's important for this court by all means the court can look at the documents that the that that the warden pointed to that are in the record but I think in particular when we're talking about the waiver the knowing waiver of his privilege against self-incrimination that the records that the that the Commonwealth points to do not come even close to establishing that it was an intelligent intelligent waiver in you know the close but he said the most powerful that the counsel for the warden said the most powerful evidence he had was evidence that he was his attorney again not mr. mr. Johnson but his attorney saying that he wouldn't testify and this of course was two years before he actually pled guilty and there was no reference whatsoever to his awareness or in fact to the right not to encrypt it to incriminate himself nor was there any indication whatsoever that he waived that right and and nor would we expect there to be given that it was that he didn't plead guilty for some two years after that so that that record the record as it exists now in no way establishes that it was a that it was an intelligent guilty plea under Boykin v. Alabama and its progeny okay thank you counsel thank you a case will be submitted and a clerk may adjourn